IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 2115 |
| | ) | |
| INTER-INDUSTRY CONFERENCE ON | ) | Judge David H. Coar |
| AUTO COLLISION REPAIR | ) | |
| (a/k/a I-CAR), | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S PARTIAL MOTION TO DISMISS COMPLAINT

**I.     INTRODUCTION**

Plaintiff's claim under the Family Medical Leave Act ("FMLA"), Count I of his Complaint, should be dismissed because Plaintiff was not an "eligible employee" within the plain meaning of 29 U.S.C. § 2617 (a)(1). Plaintiff has not pleaded that he was eligible for FMLA leave. In fact, the Complaint plainly reveals that he was not.

**II.     RELEVANT ALLEGATIONS OF THE COMPLAINT[1]**

Plaintiff is a former employee of I-CAR. Complaint ¶ 3. Beginning on August 8, 2006, Plaintiff took leave from work. *Id.* ¶ 7. On August 16, 2006, Plaintiff returned to work for a half day. *Id.* ¶ 10. While at work, he informed someone in the Human Resources department that he wanted to take FMLA leave beginning in November 2006 to care for his newborn child. *Id.* I-CAR terminated Plaintiff's employment on August 16, 2006, stating that the termination was due to his performance and was "purely related to Plaintiff's skill set." *Id*. ¶ 12. At the time of his termination, he had not yet worked for I-CAR for one year. *Id.* ¶ 13.

---

[1] For the purpose of this Motion to Dismiss only, the allegations of the Complaint are treated as true. I-CAR does not concede that the allegations are true for any other purpose and expressly reserves the right to challenge the allegations in this case or in any other forum or proceeding.

### III.    ARGUMENT

#### A.    Legal Standards

A complaint, or any cause of action alleged therein, shall be dismissed where it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This standard is met where a plaintiff's complaint fails to provide grounds for his entitlement to relief. *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint containing "labels and conclusions," and/or a "formulaic recitation of the elements of a cause of action" will not suffice to overcome a motion to dismiss. *Id.* (citations omitted). Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them, *see Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994), but the Court need not ignore facts set out in the complaint that undermine a plaintiff's claims, *see Homeyer v. Stanley Tulchin Assoc.*, 91 F.3d 959, 961 (7th Cir. 1996) (citing *Am. Nurses' Ass'n v. State of Illinois*, 783 F.2d 716, 724 (7th Cir. 1986)), nor is the Court required to accept a plaintiff's legal conclusions. *See Reed v. City of Chicago*, 77 F. 3d 1049, 1051 (7th Cir. 1996); *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988).

#### B.    Family Medical Leave Act Claim

Plaintiff cannot state a claim for relief under the FMLA. To state a *prima facie* case for a violation of the FMLA, Plaintiff must be able to show that: (1) he is an eligible employee (i.e., employed at least 12 months and worked at least 1,250 hours for I-CAR in the

twelve-month period preceding the request); (2) I-CAR is a covered entity; (3) he was entitled to

leave because of a qualifying reason; and (4) his employer was aware of his need for leave but

refused to provide it.  29 U.S.C. § 2611(4); *Lozano v. Kay Mfg. Co.*, No. 04 C 2784, 2004 U.S.

Dist. LEXIS 12948, at *3 (N.D. Ill. July 12, 2004).

      The FMLA makes clear that only "eligible employees" may bring civil actions

against their employers for violations of the FMLA.  29 U.S.C. § 2617 (a)(1).  It is clear that

Plaintiff cannot establish that he was an eligible employee at any point during his employment

with I-CAR.  He admits in his Complaint that he had not worked for I-CAR for twelve months at

the time of his termination.  Complaint ¶ 13.  Only employees who work for an employer for

twelve months are "eligible employees" under the FMLA.  29 U.S.C. § 2611 (2)(A)(i) ("The

term 'eligible employee' means an employee who has been employed for at least 12 months by

the employer with respect to whom leave is requested.")

      Thus, because Reynolds was not eligible for FMLA leave during his employment

with I-CAR, he cannot bring an FMLA claim against it.  *See id., see also Schnoor v. Publ'ns*

*Int'l, Ltd.*, No. 03-C-4972, 2005 U.S. Dist. LEXIS 14486, 2005 WL 1651045, at *7 (N.D. Ill.

July 5, 2005) (dismissing FMLA claim where employee was not FMLA-eligible); *Hegre v.*

*Alberto-Culver USA, Inc.*, 485 F. Supp. 2d 1367 (S.D. Ga. 2007) ("Because Plaintiff was not an

eligible employee, her FMLA claims fail as a matter of law, irrespective of her characterization

of her claims as alleging 'interference' or 'retaliation.'"); *Kosakow v. New Rochelle Radiology*

*Assocs., P.C.*, 274 F.3d 706, 724 (2d Cir. 2001) ("The FMLA does not provide a private right of

action for any employee, only for 'eligible employees.'"  There cannot be a "cause of action

under § 2617 . . . where the employee does not meet the statutory requirements of an eligible

employee set forth under the FMLA.  The language of the statute does not permit this result.")

(citing 29 U.S.C. § 2617 (a)(1); 29 U.S.C. § 2611 (2)(A)); *Shafnisky v. Bell Atl., Inc.*, No. 01-2044, 2002 U.S. Dist. LEXIS 21829, 2002 WL 31513551, at *9 (E.D. Pa. Nov. 5, 2002) ("A plaintiff who is an ineligible employee under the FMLA would not be engaging in statutorily protected activity in pursuing leave under that statute.") (citing *Morehardt v. Spirit Airlines, Inc.*, 174 F. Supp. 2d 1272, 1280-81 (M.D. Fla. 2001); *Coleman v. Prudential Relocation*, 975 F. Supp. 234, 245 (W.D.N.Y. 1997)).

## IV. CONCLUSION

For the reasons stated above, I-CAR respectfully requests that this Court dismiss Count I of Plaintiff's Complaint.

Respectfully Submitted,

Inter-Industry Conference on Auto Collision Repair

By: _____/s/ Tiana F. Nell_____
          One Of Its Attorneys

John M. Dickman
Tiana F. Nell
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
ph: 312-558-5600
f:   312-558-5700
tnell@winston.com

4

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of June, 2008, I caused a copy of the foregoing to be served on the following counsel for Plaintiff through the Court's electronic filing system:

Erika Petersen
Jill Pedersen
Pedersen & Weinstein LLP
309 W. Washington St., Suite 1200
Chicago, IL 60606


_____/s/ Tiana F. Nell_____

CHI:2103352.2