IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 2115 |
| | ) | |
| v. | ) | Judge David H. Coar |
| | ) | |
| INTER-INDUSTRY CONFERENCE ON AUTO COLLISION REPAIR (a/k/a I-CAR), | ) ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

Plaintiff, Christopher Reynolds, by and through his attorneys, Pedersen & Weinstein LLP, respectfully submits this response in opposition to Defendant's motion to dismiss Count I of his Complaint.

**I.      Introduction**

Plaintiff, Christopher Reynolds ("Plaintiff" or "Reynolds"), brings this action against Defendant, Inter-Industry Conference on Auto Collision Repair ("Defendant" or "I-CAR"), to challenge the unlawful termination of his employment in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., ("FMLA"), the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1140, and Title VII of the Civil Rights Act of 1964 and 1991, 42 U.S.C. § 2000e(k).

On June 16, 2008, Defendant submitted a Partial Motion to Dismiss and Memorandum of Law in Support of Defendant's Partial Motion to Dismiss Complaint ("Defendant's Memo") arguing that Plaintiff cannot bring an FMLA claim against I-CAR because he was not eligible for FMLA leave during his employment. (Defendant's Memo at pp. 2-3)  However, Defendant

glosses over the fact that although Plaintiff had not been employed with I-CAR for a year as of the date he requested FMLA leave, he would have been eligible for leave as of the date his requested leave was to commence, three months later.  Thus, the issue before the Court is whether an employee who makes a pre-eligibility request for leave to begin after his one-year anniversary is protected by the FMLA.  For the reasons discussed in more detail below, the FMLA does cover such employees and Defendant's motion to dismiss should be denied.

## II.     Facts

Plaintiff began his employment with Defendant on or about August 25, 2005 and was unlawfully terminated on August 16, 2006, days after he requested leave under the FMLA. (Complaint ¶¶ 3, 12)  More specifically, on or about August 8, 2006, Plaintiff's fiancé, who was pregnant with his child, went into premature labor three months before the baby was due. (Complaint ¶ 7) Plaintiff promptly notified his supervisor at I-CAR as well as Defendant's human resources department of his family's medical emergency and requested time off of work. (Complaint ¶ 7)

On August 10, 2006, the condition of Plaintiff's fiancé and his unborn child deteriorated, requiring an emergency caesarian section. (Complaint ¶ 8)  Plaintiff's son's premature birth resulted in serious medical complications, including an acute pulmonary condition and the necessity of a blood transfusion. (Complaint ¶ 8)  Shortly after Plaintiff's son was born, Plaintiff again updated Defendant about the medical condition of his son and fiancé.  Plaintiff also notified Defendant that he needed to add his son to Defendant's health insurance and requested additional time off of work to deal with his family's medical crisis.  (Complaint ¶ 9)

On or about August 16, 2006, Plaintiff returned to work. (Complaint ¶ 10)  That morning, Plaintiff notified human resources that his son's doctors anticipated that he would remain

hospitalized in the neonatal intensive care unit for at least the next three months.  (Complaint ¶ 10)  Plaintiff explained that his fiancé was using her own maternity leave to be with their son while he was in the hospital, and that he was requesting leave under the Family and Medical Leave Act to care for his newborn son after he was released from the hospital in early to mid November 2006. (Complaint ¶ 10) The human resources representative told Plaintiff she would look into his request and get back to him.  (Complaint ¶ 10)

Around mid-day on August 16, 2006, Plaintiff learned that his son was suffering from a life-threatening condition, so he quickly returned to the hospital. (Complaint ¶ 11)  Plaintiff promptly informed his supervisor of his son's declining medical condition, and a few hours later, after his son's condition stabilized, tried to reach human resources again to discuss his son's health insurance coverage and the status of his earlier request for FMLA leave. (Complaint ¶ 11) At the end of the business day on August 16, 2006, Plaintiff's supervisor and the director of human resources called Plaintiff and fired him.  (Complaint ¶ 12)

Plaintiff asserts that Defendant interfered with his ability to take leave under the FMLA and retaliated against him for attempting to exercise his rights provided under the FMLA. (Complaint ¶¶ 14-15, 34-39)

### III.     Legal Standard

It is well settled that "[u]nder Fed.R.Civ.P. 12(b)(6) a complaint may not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Rutan v. Republican Party of Illinois*, 848 F.2d 1396, 1408 (7th Cir. 1988) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957)).  In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded allegations in the complaint as true, draws all reasonable inferences in favor of the plaintiff, and views the facts in

the light most favorable to the non-moving party. *Hentosh v. Herman M. Finch University of Health Sciences,* 167 F.3d 1170, 1173 (7th Cir. 1999) (citations omitted). "If a set of facts consistent with the complaint would entitle the plaintiff to relief, a court should not grant a motion to dismiss." *Del Korth v. Supervalu, Inc.,* 46 Fed. Appx. 846, 848 (7th Cir. 2002) (citing *Conley,* 355 U.S. at 45-56; *Veazey v. Communications & Cable of Chicago, Inc.,* 194 F.3d 850, 861 (7th Cir. 1999)).

## IV. Plaintiff Is Protected By The FMLA

Defendant argues that Plaintiff's FMLA claim must fail because he had been employed less than a year at the time he was fired. In making this argument, Defendant relies on 29 U.S.C. § 2611 (2)(A)(i) which defines "eligible employee as one that has been employed for at least 12 months by the employer. (Defendant's Memo at pp. 2-3) However, although Plaintiff had not been working for I-CAR for a year when he requested FMLA leave in August 2006, he requested his leave to begin in November 2006 – well after his one-year anniversary. The FMLA regulations and other cases in which this issue has arisen support Plaintiff's claim that under these circumstances, he is protected.

### A. FMLA Regulations

The FMLA regulations clearly provide that the determination of whether Plaintiff has been employed for a total of at least 12 months "must be made **as of the date leave commences**." 29 C.F.R. § 825.110(d)(emphasis added). Accordingly, Defendant's argument must be rejected. *See also Meyer v. Imperial Trading Co., Inc.*, 153 F. Supp. 2d 839, 841 (E.D. La. 2001) (rejecting an employer's argument that an employee could not state a claim under the FMLA where the employee requested leave before twelve months of employment where the leave was to begin after the twelve months of employment was completed).

4

The regulations also provide: "If an employee notifies the employer of need for FMLA leave **before the employee meets these eligibility criteria**, the employer must either confirm the employee's eligibility based upon a projection that the employee will be eligible on the date leave would commence or must advise the employee when the eligibility requirement is met." 29 C.F.R. § 825.110(d)(emphasis added). Based on this language, the regulations contemplate the scenario at issue here – an employee seeking leave before he has been employed by the employer for one year. The regulations do not in any way suggest that such an employee would be excluded from coverage under the FMLA, and quite to the contrary, place an affirmative burden on the employer to confirm eligibility based on the projected eligibility date or to advise the employee when he becomes eligible. Accordingly, it would be illogical to conclude that the employee is not protected.

The Department of Labor's regulations on the FMLA are entitled to deference by the courts. *See Chan v. Loyola University Medical Center*, 1999 U.S. Dist. Lexis 18456 at *21-22 (N.D. Ill. 1999)(under *Chevron v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844 (1984), a court must uphold the FMLA regulations unless they are arbitrary, capricious, or manifestly contrary to the statute). Because the regulations provide that Plaintiff is protected by the FMLA, Defendant's motion to dismiss should be denied.

B.    **Relevant Case Law**

Plaintiff is not aware of any cases in the Seventh Circuit or the Northern District of Illinois that have addressed the precise issue raised here, nor has Defendant cited any. However, cases from other jurisdictions, which are conspicuously absent from Defendant's Memo, are instructive and provide further explanation as to why Defendant's motion to dismiss should be denied.

For example, in *Beffert v. Pennsylvania Dept. of Public Welfare,* 2005 U.S. Dist. Lexis 6681 (E.D. Pa. 2005), the plaintiff requested FMLA leave before she had been employed for one year, for leave that was to begin more than twelve months after the start of her employment. Like I-CAR, the defendant in *Beffert* sought to dismiss the plaintiff's FMLA claims, arguing that she was not an "eligible employee." 2005 U.S. Dist. Lexis 6681, at * 2-3.  The court rejected this argument and held that "an employee is not barred from proceeding with a retaliation claim under the FMLA if he or she has been employed for less than twelve months but requests leave to begin more than one year after employment commenced." *Id.* at *10.

In reaching this conclusion, the *Beffert* court explained that the FMLA requires "an employee" to provide his employer with not less than 30 days' notice of the date leave is to begin where such notice is practicable. 29 U.S.C. § 2612(e)(1). The court found that the reference to "employee" rather than "eligible employee" was a recognition that some employees will and should give notice of future leave before they have been employed for twelve months. *Id.* at * 9. Accordingly, the court held, "[s]ince the FMLA contemplates notice of leave in advance of becoming an eligible employee, the statute necessarily must protect from retaliation those currently non-eligible employees who give such notice of leave to commence once they become eligible employees." *Id.*  Otherwise, the court explained, the advance notice requirement would become a trap for newer employees who comply with the advance notice provision and would afford a significant exemption from liability for employers, an anomalous result Congress surely did not intend. *Id. See also Potts v. Franklin Electric Co.*, 2006 U.S. Dist. Lexis 60781, at * 9 ("If courts were to read the FMLA to allow employers to dismiss ineligible employees who give advance notice of their need for FMLA leave, it would open a large loophole in the law and undermine the plain language and purpose of the notice requirement in 29 U.S.C. § 2612(e)(1)");

6

*Skrjanc v. Great Lakes Power Service Co.*, 272 F.3d 309, 314 (6th Cir. 2001)("The right to actually take twelve weeks of leave pursuant to the FMLA includes the right to declare an intention to take such leave in the future.")

    **C.**    **Defendant's Cases Are Inapposite**

Defendant cites to cases for the general proposition that the FMLA only provides a cause of action for "eligible employees." (Defendant's Memo pp. 3-4)  Unlike Plaintiff's situation, however, none of the plaintiffs in the cases cited by Defendant requested leave to begin at a future date when they would have met all eligibility requirements.  Moreover, the plaintiffs in the cases cited by Defendant were otherwise ineligible for FMLA leave.  For example, in *Schnoor v. Publ'ns Int'l, Ltd.,* 2005 U.S. Dist. Lexis 14486, at * 25-26 (N.D. Ill. 2005), the court held that the plaintiff was not protected under the FMLA because at the time she requested leave, she had already exhausted the twelve weeks allotted to her.  Likewise, in *Hegre v. Alberto-Culver USA, Inc.,* 485 F. Supp.2d 1367, 1375 (S.D. Ga. 2007), the employee was not eligible for FMLA leave because the employer did not employ the requisite number of employees.  In *Kosakow v. New Rochelle Radiology Assocs., P.C.,* 274 F.3d 706 (2d Cir. 2001), the question regarding FMLA eligibility was whether the employee had worked the necessary 1,250 hours and the Second Circuit vacated the district court's finding that the employee did not allege facts sufficient to show her eligibility under the FMLA in this regard.  Id. at 740.  Finally, in *Shafnisky v. Bell Atl., Inc.,* 2002 U.S. Dist. Lexis 21829, at *25-26 (E.D. Pa. 2002) it was uncontested that the plaintiff had not worked 1,250 hours.

In short, none of the cases Defendant cites address the question raised here, which is whether an employee who makes a pre-eligibility request for leave to begin after his one-year

anniversary is protected by the FMLA. This Court should follow the sound reasoning of *Meyer, Beffert,* and *Potts* and hold that such an employee is protected.

**V.      Conclusion**

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss Count I.

                                                    Respectfully submitted,

Dated:  July 11, 2008              By:    */s/ Jill Weinstein*
                                                    PEDERSEN & WEINSTEIN LLP
                                                    309 W. Washington, Suite 1200
                                                    Chicago, IL  60606
                                                    Telephone:  (312) 855-1200
                                                    Facsimile:   (312) 855-1207
                                                    E-mail:  jweinstein@pwllp.com
                                                    Attorney for Plaintiffs


Erika Pedersen
Jill Weinstein
**PEDERSEN & WEINSTEIN LLP**
309 W. Washington
Suite 1200
Chicago, IL  60606
(312) 855-1200
(312) 855-1207 (facsimile)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 11, 2008, a copy of the foregoing Plaintiff's Response in Opposition to Motion to Dismiss was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

John Dickman
Tiana Nell
Winston & Strawn
35 W. Wacker Drive
Chicago, Illinois 60601
JDickman@winston.com
TNell@winston.com


                                        s/*Jill Weinstein*
                                        Jill Weinstein



Erika Pedersen
Jill Weinstein
**PEDERSEN & WEINSTEIN LLP**
309 W. Washington
Suite 1200
Chicago, IL  60606
(312) 855-1200
(312) 855-1207 (facsimile)