IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 2115 |
| | ) | |
| INTER-INDUSTRY CONFERENCE ON | ) | Judge David H. Coar |
| AUTO COLLISION REPAIR | ) | |
| (a/k/a I-CAR), | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S PARTIAL MOTION TO DISMISS COMPLAINT**

**I.   INTRODUCTION**

Plaintiff's claim under the Family Medical Leave Act ("FMLA"), Count I of his Complaint, should be dismissed because Plaintiff was not an "eligible employee" within the plain meaning of 29 U.S.C. § 2617 (a)(1).  Plaintiff simply was not eligible for FMLA leave at any point during his employment with I-CAR.  As a result, I-CAR cannot be liable to him for any alleged violation of the FMLA.

**II.   ARGUMENT**

The parties agree that their collective research has not uncovered any Seventh Circuit or Northern District of Illinois case that addresses the precise issue raised here—specifically, whether an employee may maintain an FMLA claim against a former employer where that employee, prior to working for the employer for twelve months, requested leave that would have commenced after the twelve month mark if the employee's employment had continued.

A.      **The Plain Language of the FMLA Statute Precludes Plaintiff's Action**

Contrary to Plaintiff's urging, however, it is unnecessary for this Court to look to other jurisdictions for guidance on this issue because the statute itself is clear. The "Civil actions by employees" section of the FMLA states: "Any employer who violates section 2615 of this title shall be liable to any **eligible** employee affected . . . ." 29 U.S.C. § 2617 (a)(1) (emphasis added).[1] "It is a common rule of statutory construction that when the plain language of a statute is clear, courts need look no farther than those words in interpreting the statute." *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004) (quoting *Estate of Cowser v. Commissioner*, 736 F.2d 1168, 1171 (7th Cir. 1984)).

There is no dispute in this case that Plaintiff was <u>not</u> an eligible employee under the FMLA while he was employed by I-CAR, as he had not worked the requisite twelve months for I-CAR. *See* Complaint ¶ 13; Plaintiff's Response in Opposition to Dismiss ("Response Brief") at p. 2; 29 U.S.C. § 2611 (2)(A)(i) ("The term 'eligible employee' means an employee who has been employed for at least 12 months by the employer with respect to whom leave is requested.").

There is no provision in the FMLA statute that employers are liable to employees who *would have been* eligible in the near future, nor is there a liability provision for employees who requested future leave before becoming eligible. The provision regarding civil actions by employees applies <u>only</u> to *eligible* employees. It is therefore irrelevant whether Plaintiff *would have been* eligible had he remained as an I-CAR employee. The undisputed fact is that he did not remain, and he never became eligible. Thus, by the plain terms of the statute, because

---

[1] It is irrelevant whether Plaintiff is proceeding under an interference theory, a retaliation theory, or both in this case, as both types of claims fall exclusively under 29 U.S.C. § 2615 (interference under (a)(1) and retaliation under (a)(2) of this section), and, as set forth above, employees may only bring civil actions pursuant to § 2615 under the provisions of §2617, which allows only "eligible employees" to bring such actions.

2

Plaintiff was not eligible for FMLA leave during his employment with I-CAR, he cannot bring an FMLA claim against it.

### B. The Regulation Relied Upon by Plaintiff is Invalid

In support of his argument that he was an "eligible employee" before working for twelve full months, Plaintiff relies on a regulation promulgated by the Secretary of Labor to carry out the FMLA, as well as cases outside this jurisdiction that rely on that same regulation.[2] Specifically, he cites to 29 C.F.R. § 825.110(d), which states, *inter alia*:

> The determinations of whether an employee has worked for the employer for at least 1,250 hours in the past 12 months and has been employed by the employer for a total of at least 12 months must be made as of the date leave commences. If an employee notifies the employer of need for FMLA leave before the employee meets these eligibility criteria, the employer must either confirm the employee's eligibility based upon a projection that the employee will be eligible on the date leave would commence or must advise the employee when the eligibility requirement is met.

This regulation, 29 C.F.R. § 825.110(d), however, has been explicitly declared <u>invalid</u> by the Seventh Circuit:

> As several district courts have found . . . the regulation is invalid. Although the Department of Labor has, like other administrative agencies, the authority to issue regulations to carry out the duties that Congress has assigned to it in the Family and Medical Leave Act, 29 U.S.C. § 2654, it has no authority to change the Act. But that is what the regulation tries to do. It does not address an interpretive issue that the statute leaves open, and so the principle of the Chevron case is not in play. **The statutory text is perfectly clear and covers the issue. The right of family leave is conferred only on employees who have worked at least 1,250 hours in the previous 12 months.** Yet under the regulation a worker who had worked 8 hours before seeking family leave

---

[2] The chief case relied upon by Plaintiff, *Beffert v. Penn. Dept. of Public Welfare*, No. 05-43, 2005 U.S. Dist. LEXIS 6681, at *8 (E.D. Pa. Apr. 18, 2005) specifically held, "This construction, set forth in 29 C.F.R. § 825.110(d), is manifestly reasonable."  In another case relied upon by Plaintiff, *Meyer v. Imperial Trading Co.*, 153 F. Supp. 2d 839, 841 (E.D. La. 2001), the Louisiana court relied explicitly and solely on 29 CFR § 825.110(d) in its determination that an employee could be "eligible" under the FMLA without working for a full twelve months.  As explained below, these cases are at odds with the Seventh Circuit's finding of invalidity of the regulation and should not be given any weight by this Court.

> would be entitled to family leave if the employer neglected to inform the employee promptly that he or she was ineligible. And this regardless of whether the employee had incurred any detriment as a result of the employer's silence.

*Dormeyer v. Comerica Bank-Illinois*, 223 F.3d 579, 583 (7th Cir. 2000) (emphasis added) (internal citations omitted) (citing, *inter alia*, *McQuain v. Ebner Furnaces, Inc.*, 55 F. Supp. 2d 763, 773-76 (N.D. Ohio 1999); *Seaman v. Downtown Partnership of Baltimore, Inc.*, 991 F. Supp. 751, 754 (D. Md. 1998) ("nothing in this statutory provision or the Act in which it is contained indicates that the agency has the power to require employers to waive this eligibility requirement, which is essentially a rewriting of the statute"); *Wolke v. Dreadnought Marine, Inc.*, 954 F. Supp. 1133, 1135-38 (E.D. Va. 1997)).

Because the regulation is invalid, it and the cases from other jurisdictions citing to it have no application to this case. The plain text of the FMLA states that employees such as Plaintiff who do not work twelve full months for an employer cannot bring FMLA lawsuits against those employers, and Plaintiff's FMLA claim should be dismissed with prejudice from his Complaint.

### III. CONCLUSION

For the reasons stated above, I-CAR respectfully requests that this Court dismiss Count I of Plaintiff's Complaint.

Respectfully Submitted,

Inter-Industry Conference on Auto Collision Repair

By: _____/s/ Tiana F. Nell_____
　　　　　　One Of Its Attorneys

John M. Dickman
Tiana F. Nell
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601
ph: 312-558-5600
f:   312-558-5700
tnell@winston.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of July, 2008, I caused a copy of the foregoing to be served on the following counsel for Plaintiff through the Court's electronic filing system:

>Erika Petersen
>Jill Weinstein
>Pedersen & Weinstein LLP
>309 W. Washington St., Suite 1200
>Chicago, IL 60606

                                                  _____/s/ Tiana F. Nell_____

CHI:2125126.2