IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 2115 |
| | ) | |
| v. | ) | Judge David H. Coar |
| | ) | |
| INTER-INDUSTRY CONFERENCE ON AUTO | ) | Jury Trial Demanded |
| COLLISION REPAIR (a/k/a I-CAR), | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-RESPONSE
IN OPPOSITION TO MOTION TO DISMISS**

Plaintiff, Christopher Reynolds, by and through his attorneys, Pedersen & Weinstein LLP, respectfully submits this Motion for Leave to File Sur-Response in Opposition to Defendant's Motion to Dismiss, and in support states as follows:

1. On July 25, 2008, Defendant filed its Reply Memorandum of Law in Support of Defendant's Partial Motion to Dismiss Complaint ("Def. Reply"). Defendant argues that because the Seventh Circuit has held 29 C.F.R. § 825.110(d) invalid, Plaintiff cannot rely on this regulation or cases from other jurisdictions which cite to this regulation in support of his claims. (Def. Reply pp. 3-4)

2. Plaintiff respectfully requests leave to file a 2 ½ page sur-response to respond briefly to this argument. The proposed sur-response is attached hereto as Exhibit A.

**WHEREFORE,** Plaintiff respectfully requests the Court grant him leave to file the sur-response attached as Exhibit A.

                                  Respectfully submitted,

Dated: July 29, 2008            By:    */s/ Jill Weinstein*
                                                PEDERSEN & WEINSTEIN LLP
                                                309 W. Washington, Suite 1200
                                                Chicago, IL  60606
                                                Telephone:  (312) 855-1200
                                                Facsimile:   (312) 855-1207
                                                E-mail:   jweinstein@pwllp.com
                                                Attorney for Plaintiffs

Erika Pedersen
Jill Weinstein
**PEDERSEN & WEINSTEIN LLP**
309 W. Washington
Suite 1200
Chicago, IL  60606
(312) 855-1200
(312) 855-1207 (facsimile)

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 29, 2008, a copy of the foregoing Plaintiff's Motion for Leave to File Sur-Response in Opposition to Motion to Dismiss was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

John Dickman
Tiana Nell
Winston & Strawn
35 W. Wacker Drive
Chicago, Illinois 60601
JDickman@winston.com
TNell@winston.com




                      s/*Jill Weinstein*
                      Jill Weinstein



Erika Pedersen
Jill Weinstein
**PEDERSEN & WEINSTEIN LLP**
309 W. Washington
Suite 1200
Chicago, IL  60606
(312) 855-1200
(312) 855-1207 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 2115 |
| | ) | |
| v. | ) | Judge David H. Coar |
| | ) | |
| INTER-INDUSTRY CONFERENCE ON AUTO COLLISION REPAIR (a/k/a I-CAR), | ) ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUR-RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

Plaintiff, Christopher Reynolds, by and through his attorneys, Pedersen & Weinstein LLP, respectfully submits this Sur-Response in Opposition to Defendant's Motion to Dismiss.

**I.     Introduction**

On July 25, 2008, Defendant filed its Reply Memorandum of Law in Support of Defendant's Partial Motion to Dismiss Complaint ("Def. Reply").  Defendant argues that because the Seventh Circuit has held 29 C.F.R. § 825.110(d) invalid, Plaintiff cannot rely on this regulation or cases from other jurisdictions which cite to this regulation in support of his claims. (Def. Reply pp. 3-4)  Plaintiff submits this sur-response to respond briefly to this argument.

**II.    The Seventh Circuit Has Not Ruled
        The Pertinent Portion Of 29 C.F.R. § 825.110(d) To Be Invalid**

In *Dormeyer v. Comerica Bank-Illinois*, 223 F.3d 579, 582 (7th Cir. 2000), the Seventh Circuit held that the following portion of an FMLA regulation issued by the Department of Labor regulation was invalid: "if the employer fails to advise the employee whether the employee is eligible [for family leave] prior to the date the requested leave is to commence, the employee will be deemed eligible." 29 C.F.R. § 825.110(d).  The court found this portion – and

only this portion – of the regulation to be invalid because it allowed an employee to claim benefits to which she was not entitled under the law. *Id.* at 582.

Contrary to Defendant's statement, the *Dormeyer* court did not address, and therefore did not invalidate, one of the provisions upon which Plaintiff relies. Specifically, Plaintiff cited 29 C.F.R. § 825.110(d) for the proposition that the determination of whether he had been employed for a total of at least 12 months "must be made **as of the date leave commences.**" (emphasis added)[1] Indeed, at least one post-*Dormeyer* court from this district has confirmed that the determination of eligibility must be made as of the date leave commences. *See Sewall v. Chicago Transit Authority*, 2001 U.S. Dist. Lexis 330, at * 12 (N.D. Ill. Jan. 16, 2001)(J. Holderman)("Under the FMLA an eligible employee means: (1) an employee who has been employed for a total of at least 12 months by the employer **on the date on which any FMLA leave is to commence**; and (2) who, **on the date on which any FMLA leave is to commence**, has been employed for at least 1,250 hours of service with such employer during the previous 12-month period.")(emphasis added).

### III.    29 C.F.R. § 825.110(d) Is Not The Only Authority That Supports Plaintiff's Claim

As stated above, the Seventh Circuit has not ruled the pertinent portion of 29 C.F.R. § 825.110(d) invalid. However, even if it had, Defendant's motion to dismiss must still be denied under other authority. More specifically, the cases cited by Plaintiff rely heavily on the notice requirement set forth in 29 U.S.C. § 2612(e)(1), which requires an employee to give 30-days' notice to an employer of a foreseeable leave, not the regulation in question. *See, e.g., Potts v. Franklin Electric Co.*, 2006 U.S. Dist. Lexis 60781, at * 9 (E.D. Okla. 2006)("If courts were to

---

[1] It is this portion of § 825.110(d) that the court in *Beffert v. Pennsylvania Dept. of Public Welfare*, 2005 U.S. Dist. Lexis 6681, at *8 (E.D. Pa. 2005) found manifestly reasonable, not the provision specifically invalidated by the Seventh Circuit.

read the FMLA to allow employers to dismiss ineligible employees who give advance notice of their need for FMLA leave, it would open a large loophole in the law and undermine the plain language and purpose of the notice requirement in 29 U.S.C. § 2612(e)(1)"); *Beffert v. Pennsylvania Dept. of Public Welfare*, 2005 U.S. Dist. Lexis 6681 (E.D. Pa. 2005)("Since the FMLA contemplates notice of leave in advance of becoming an eligible employee, the statute necessarily must protect from retaliation those currently non-eligible employees who give such notice of leave to commence once they become eligible employees.")

**IV.    Conclusion**

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss Count I.

                                                            Respectfully submitted,

Dated:  July 29, 2008            By:     */s/ Jill Weinstein*
                                                    PEDERSEN & WEINSTEIN LLP
                                                    309 W. Washington, Suite 1200
                                                    Chicago, IL  60606
                                                    Telephone:  (312) 855-1200
                                                    Facsimile:  (312) 855-1207
                                                    E-mail:  jweinstein@pwllp.com
                                                    Attorney for Plaintiffs

Erika Pedersen
Jill Weinstein
**PEDERSEN & WEINSTEIN LLP**
309 W. Washington
Suite 1200
Chicago, IL  60606
(312) 855-1200
(312) 855-1207 (facsimile)

## CERTIFICATE OF SERVICE

      I hereby certify that on July 29, 2008, a copy of the foregoing Plaintiff's Sur-Response in Opposition to Motion to Dismiss was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

John Dickman
Tiana Nell
Winston & Strawn
35 W. Wacker Drive
Chicago, Illinois 60601
JDickman@winston.com
TNell@winston.com


                                              s/*Jill Weinstein*
                                              Jill Weinstein



Erika Pedersen
Jill Weinstein
**PEDERSEN & WEINSTEIN LLP**
309 W. Washington
Suite 1200
Chicago, IL  60606
(312) 855-1200
(312) 855-1207 (facsimile)

4