FILED

AUGUST 4, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SMM

| | | |
|---|---|---|
| CHRISTOPHER REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 2115 |
| | ) | |
| v. | ) | Judge David H. Coar |
| | ) | |
| INTER-INDUSTRY CONFERENCE ON AUTO | ) | Jury Trial Demanded |
| COLLISION REPAIR (a/k/a I-CAR), | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUR-RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

Plaintiff, Christopher Reynolds, by and through his attorneys, Pedersen & Weinstein

LLP, respectfully submits this Sur-Response in Opposition to Defendant's Motion to Dismiss.

**I.     Introduction**

On July 25, 2008, Defendant filed its Reply Memorandum of Law in Support of

Defendant's Partial Motion to Dismiss Complaint ("Def. Reply").  Defendant argues that

because the Seventh Circuit has held 29 C.F.R. § 825.110(d) invalid, Plaintiff cannot rely on this

regulation or cases from other jurisdictions which cite to this regulation in support of his claims.

(Def. Reply pp. 3-4)  Plaintiff submits this sur-response to respond briefly to this argument.

**II.     The Seventh Circuit Has Not Ruled
        The Pertinent Portion Of 29 C.F.R. § 825.110(d) To Be Invalid**

In *Dormeyer v. Comerica Bank-Illinois*, 223 F.3d 579, 582 (7th Cir. 2000), the Seventh

Circuit held that the following portion of an FMLA regulation issued by the Department of

Labor regulation was invalid:  "if the employer fails to advise the employee whether the

employee is eligible [for family leave] prior to the date the requested leave is to commence, the

employee will be deemed eligible." 29 C.F.R. § 825.110(d).  The court found this portion – and

only this portion – of the regulation to be invalid because it allowed an employee to claim

benefits to which she was not entitled under the law.  *Id.* at 582.

Contrary to Defendant's statement, the *Dormeyer* court did not address, and therefore did

not invalidate, one of the provisions upon which Plaintiff relies.  Specifically, Plaintiff cited 29

C.F.R. § 825.110(d) for the proposition that the determination of whether he had been employed

for a total of at least 12 months "must be made **as of the date leave commences.**" (emphasis

added)[1]  Indeed, at least one post-*Dormeyer* court from this district has confirmed that the

determination of eligibility must be made as of the date leave commences.  *See Sewall v.*

*Chicago Transit Authority*, 2001 U.S. Dist. Lexis 330, at * 12 (N.D. Ill. Jan. 16, 2001)(J.

Holderman)("Under the FMLA an eligible employee means:  (1) an employee who has been

employed for a total of at least 12 months by the employer **on the date on which any FMLA**

**leave is to commence**; and (2) who, **on the date on which any FMLA leave is to commence**,

has been employed for at least 1,250 hours of service with such employer during the previous

12-month period.")(emphasis added).

**III.    29 C.F.R. § 825.110(d) Is Not The Only Authority That Supports Plaintiff's Claim**

As stated above, the Seventh Circuit has not ruled the pertinent portion of 29 C.F.R. §

825.110(d) invalid.  However, even if it had, Defendant's motion to dismiss must still be denied

under other authority.  More specifically, the cases cited by Plaintiff rely heavily on the notice

requirement set forth in 29 U.S.C. § 2612(e)(1), which requires an employee to give 30-days'

notice to an employer of a foreseeable leave, not the regulation in question.  *See, e.g., Potts v.*

*Franklin Electric Co.*, 2006 U.S. Dist. Lexis 60781, at * 9 (E.D. Okla. 2006)("If courts were to

---

[1] It is this portion of § 825.110(d) that the court in *Beffert v. Pennsylvania Dept. of Public*
*Welfare*, 2005 U.S. Dist. Lexis 6681, at *8 (E.D. Pa. 2005) found manifestly reasonable, not the
provision specifically invalidated by the Seventh Circuit.

read the FMLA to allow employers to dismiss ineligible employees who give advance notice of

their need for FMLA leave, it would open a large loophole in the law and undermine the plain

language and purpose of the notice requirement in 29 U.S.C. § 2612(e)(1)"); *Beffert v.*

*Pennsylvania Dept. of Public Welfare*, 2005 U.S. Dist. Lexis 6681 (E.D. Pa. 2005)("Since the

FMLA contemplates notice of leave in advance of becoming an eligible employee, the statute

necessarily must protect from retaliation those currently non-eligible employees who give such

notice of leave to commence once they become eligible employees.")

**IV.    Conclusion**

    For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny

Defendant's motion to dismiss Count I.

                                        Respectfully submitted,

Dated:  July 29, 2008              By:    */s/ Jill Weinstein*
                                        PEDERSEN & WEINSTEIN LLP
                                        309 W. Washington, Suite 1200
                                        Chicago, IL  60606
                                        Telephone:  (312) 855-1200
                                        Facsimile:  (312) 855-1207
                                        E-mail:  jweinstein@pwllp.com
                                        Attorney for Plaintiffs


Erika Pedersen
Jill Weinstein
**PEDERSEN & WEINSTEIN LLP**
309 W. Washington
Suite 1200
Chicago, IL  60606
(312) 855-1200
(312) 855-1207 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2008, a copy of the foregoing Plaintiff's Sur-Response in Opposition to Motion to Dismiss was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

John Dickman
Tiana Nell
Winston & Strawn
35 W. Wacker Drive
Chicago, Illinois 60601
JDickman@winston.com
TNell@winston.com

s/*Jill Weinstein*
Jill Weinstein

Erika Pedersen
Jill Weinstein
**PEDERSEN & WEINSTEIN LLP**
309 W. Washington
Suite 1200
Chicago, IL  60606
(312) 855-1200
(312) 855-1207 (facsimile)