# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER REYNOLDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 08 CV 2115 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| INTER-INDUSTRY CONFERENCE ON | ) |
| AUTO COLLISION REPAIR (a/k/a I-CAR) | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Reynolds brings an action against Defendant Inter-Industry Conference on Auto Collision Repair (a/k/a I-CAR) ("I-CAR" or "Defendant") alleging that Defendant violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and Section 510 of the Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. § 1140, and committed an act of gender discrimination against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e(k), when it terminated his employment. Defendant now moves to dismiss Plaintiff's FMLA claim (Count I), pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, Defendant's motion to dismiss is **DENIED.**

## FACTS

Plaintiff alleges the following facts, which for purposes of the motion to dismiss the Court assumes to be true. Plaintiff is a former employee of I-CAR. Compl. ¶ 3. His employment began on August 25, 2005, and was terminated on August 16, 2006. *Id.* at ¶ 3, 12. On or about August 8, 2006, Plaintiff's fiancée, who was pregnant with his child, went into premature labor three months before the baby was due. *Id.* at ¶ 7. Plaintiff promptly notified his

supervisor at I-CAR, as well as Defendant's Human Resources department, of his family's medical emergency and requested time off work. *Id.* On August 10, 2006, the condition of Plaintiff's fiancée and his unborn child deteriorated, and Plaintiff requested additional time off work. *Id.* at ¶ 8-9.

On or about August 16, 2006, Plaintiff returned to work after his eight-day leave. *Id.* at ¶ 10. That morning, Plaintiff notified Human Resources that his son's doctors anticipated he would remain hospitalized in the neonatal intensive care unit for at least the next three months. Plaintiff explained that his fiancée was using her own maternity leave to be with their son while he was in the hospital, and that he was requesting leave under the FMLA to care for his newborn son after he was released from the hospital in early- to mid-November 2006. The Human Resources representative told Plaintiff she would look into his request and get back to him. *Id.*

Around midday on August 16, 2006, Plaintiff returned to the hospital. *Id.* at ¶ 11. A few hours later, Plaintiff attempted to reach Human Resources to discuss his son's health insurance coverage and the status of his earlier request for FMLA leave. *Id.* At the end of the business day on August 16, 2006, Plaintiff's supervisor and the director of human resources called Plaintiff and fired him. *Id.* at ¶ 12. Plaintiff was suspicious of the timing of his termination, and asked Defendant why he was being fired. Defendant responded that Plaintiff's termination was purely related to his skill set. *Id.* at ¶ 13. At the time of his termination, Plaintiff had not yet worked for I-CAR for one year.

Defendant now moves to dismiss Count I of the Complaint, which alleges that Defendant violated the FMLA by discharging Plaintiff after he requested leave. Defendant argues that because Plaintiff had not worked twelve months before requesting leave, he was not an "eligible

employee" within the meaning of 29 U.S.C. § 2617(a)(1) and therefore not protected by the FMLA provision under which he brings his claim.

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim upon which relief can be granted, the district court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. Fed. R. Civ. P. 12(b)(6). The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). A complaint should not be dismissed pursuant to Rule 12(b)(6) unless it fails it provide fair notice of what the claim is and the grounds upon which it rests or it is apparent from the face of the complaint that under no plausible facts may relief be granted. *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625. All reasonable inferences are to be drawn in favor of the plaintiff. *Gastineau v. Fleet Mortg. Corp.,* 137 F.3d 490, 493 (7th Cir. 1998) (citation omitted).

## ANALYSIS

The FMLA provides that "an *eligible employee* shall be entitled to a total of 12 workweeks of leave during any 12-month period" for the birth or adoption of a child; to care for a child, spouse, or parent with a serious health condition; or because of a serious health condition that makes the employee unable to perform the functions of the employee's position. 29 U.S.C. § 2612(a)(1) (emphasis added). "Eligible employee" is defined in the statute as "an employee who has been employed . . . for at least 12 months by the employer" and who has "at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. §

2611(2)(A). The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the FMLA. 29 U.S.C. § 2615(a)(1). The Act also prohibits an employer from discriminating against an employee for exercising or attempting to exercise rights provided by the statute. 29 U.S.C. § 2615(a)(2). Plaintiff did not specify in his complaint under which theory of recovery he brings his FMLA claim.

It is undisputed that Plaintiff, at the time of his termination and FMLA leave request, had not yet worked for at least twelve months for I-CAR. Defendant argues that because of this fact, Plaintiff is not an "eligible employee" and therefore cannot state a claim for relief under the FMLA, and Count I of his complaint should be dismissed. Plaintiff argues that Defendants misstate the issue. Plaintiff contends that at the time of his anticipated leave, he would have been an "eligible employee" because by November 2006, he would have been employed by I-CAR for at least twelve months.

The issue, then, is whether an employee is barred from proceeding with an FMLA claim if he or she has been employed for less than twelve months but requests leave to begin more than a year after employment commenced. It is a matter of first impression in this circuit; the Court is not aware of any cases in the Seventh Circuit or the Northern District of Illinois that have addressed this precise issue.

I. **Statutory Language of the FMLA**

Statutory interpretation begins with the plain language of the statute. *BedRoc, Ltd. v. United States,* 541 U.S. 176, 183 (2004) (noting that the task of statutory interpretation "ends there [if] the text is unambiguous"); *U.S. v. Webber*, 536 F.3d 584, 593 (7th Cir. 2008) ("When the plain wording of the statute is clear, that is the end of the matter.").

The FMLA's leave provision, 29 U.S.C. § 2612(a)(1), states that only "an eligible employee shall be entitled to" FMLA leave.  The FMLA permits only "eligible employees" to bring civil actions against their employers for violations of the FMLA.  29 U.S.C. § 2617(a)(1) ("Any employer who violates section 2615 of this title shall be liable to any *eligible employee affected*" for damages and/or equitable relief) (emphasis added).  These two provisions provide the primary textual support for Defendant's position.

However, the FMLA also clearly contemplates the scenario in which an employee requests leave beginning on a foreseeable future date:

> In any case in which the necessity for leave under subparagraph (A) or (B) of subsection (a)(1) of this section is foreseeable based on an expected birth or placement, *the employee* shall provide the employer with not less than 30 days' notice, before the date the leave is to begin, of the employee's intention to take leave . . . .

29 U.S.C. § 2612(e)(1) (emphasis added).  It is clear from the text and context of the notice clause, 29 U.S.C. § 2612(e)(1), that Congress intended to help and protect employers by insuring adequate notice of extended absences by employees.  It would be illogical to interpret the notice requirement in a way that requires employees to disclose requests for leave which would, in turn, expose them to retaliation, or interference, for which they have no remedy.  *See also Potts v. Franklin Elec. Co.*, No. 05 CV 433, 2006 WL 2474964, at *3 (E.D. Okla., August 24, 2006); *U.S. v. Berkos*, 543 F.3d 392, 396 (7th Cir. 2008) ("We avoid interpreting a statute in a way that renders a word or phrase redundant or meaningless.").  If employers were not bound by the FMLA before the employee is eligible, then the employee should not be required to give the employer any notice.  Logic requires that the FMLA be read to require that that employee be permitted to make a charge against the employer for an adverse employment action.[1]

---

[1] The absurdity of Defendant's position can be demonstrated by a hypothetical situation formulated by the court in *Walker v. Elmore County Board of Education*, 223 F.Supp.2d 1255,

Furthermore, the FMLA protects the "attempt" to exercise a right, which can only mean (in contrast with the actual exercise of that right) that the FMLA protects an employee who asks for leave even though he may not be ineligible, such as the case here. 29 U.S.C. § 2615(a)(1).

II.     **FMLA Regulations**

The implementing regulations promulgated by the Secretary of Labor, authorized by 29 U.S.C. § 2654, are consistent with this reading of the statute. *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984) (A court must defer to the agency's interpretation unless it is "arbitrary, capricious, or manifestly contrary to the statute."). These regulations clearly state that "[t]he determination of whether an employee has worked for the employer for at least 1,250 hours in the past 12 months and has been employed by the employer for a total of at least 12 months must be made *as of the date the FMLA leave is to start*." 29 C.F.R. § 825.110(d). This regulation appears to consider the exact scenario at hand, where a currently ineligible employee requests leave to begin on a date on which he will be eligible.

Other FMLA implementing regulations support this position. An employee need not meet the initial eligibility requirements in order to suffer retaliation under the FMLA. 29 C.F.R. § 825.220(c) protects "prospective employees," who are by definition not yet eligible for FMLA leave, from discrimination as defined in 29 U.S.C. § 2615(a)(2). An employer is "prohibited from discriminating against an employees or prospective employees who have used FMLA leave. For example . . . employers cannot use the taking of FMLA leave as a negative factor in

---

1260 (N.D. Ala. 2002)*:*"Imagine an employee who starts work on January 1 of Year X. If the employee were to discover on December 30 of Year X that she would require leave the following January 25, 29 U.S.C. § 2612(e)(1) requires the employee to give her employer 30 days notice of her intent to take FMLA leave. On the date the employee would require leave she would be FMLA-eligible. It would be absurd to interpret the FMLA to allow the employer in this situation to retaliate against the employee, although the employee is clearly covered by the FMLA on December 30." *See also Potts*, 2006 WL 2474964 at *3.

employment actions, such as hiring, promotions or disciplinary actions . . . ." 29 C.F.R. § 825.220(c). An employer is therefore clearly prohibited by this regulation from firing an ineligible employee for his intention to take leave once eligible.

Defendant argues that 29 C.F.R. § 825.110(d) has been deemed invalid by the Seventh Circuit. The Seventh Circuit, in *Dormeyer v. Comerica Bank-Illinois,* invalidated a portion of the regulation that waived statutory eligibility in cases in which the employer failed to respond promptly to requests for family leave. 223 F.3d 579 (7th Cir.2000). The employee in *Dormeyer* had requested FMLA leave to begin *before* she had fulfilled the eligibility requirements, and the Seventh Circuit held that "[t]he statutory text is perfectly clear and covers the issue [of leave eligibility]. The right of family leave is conferred only on employees who have worked at least 1,250 hours in the previous 12 months." 223 F.3d at 582. However, nothing in *Dormeyer* requires the Court to interpret the FMLA as Defendant does in a situation where the employee requests leave beginning *after* he becomes eligible. The Seventh Circuit did not address or invalidate the portion of 29 C.F.R. § 825.110(d) cited above. The latest version of the regulation, which goes into effect on January 16, 2009, omits the language that the Seventh Circuit held invalid, but the sentence requiring eligibility to be determined as of the date the FMLA leave is to start remains intact.

*Pirant v. U.S. Postal Service*, another Seventh Circuit case that cites the above passage from *Dormeyer*, is also not on point. 542 F.3d 202, 206 (7th Cir. 2008). In *Pirant*, the Seventh Circuit held that a de minimis shortfall of 1.2 work hours may not be disregarded for purposes of the 1,250-hour minimum for FMLA eligibility, and denied an ineligible employee's FMLA claim. *Pirant* and *Dormeyer* stand for the proposition that the FMLA does not cover an unscheduled leave *actually taken* before an employee reaches the eligibility requirement, but say

nothing about a request for foreseeable leave that is to start *after* the eligibility requirements have been met.

### III. Purpose

The FMLA was enacted because Congress found, among other things, that "it is important for the development of children and the family unit that fathers and mothers be able to participate in early childrearing and the care of family members who have serious health conditions" and that "the lack of employment policies to accommodate working parents can force individuals to choose between job security and parenting." 29 U.S.C. §§ 2601(a)(2)-(3). The Act was intended to "balance the demands of the workplace with the needs of families" and "entitle employees to take reasonable leave for medical reasons." 29 U.S.C. § 2601(b)(1)-(2). The FMLA seeks to accomplish these purposes "in a manner that accommodates the legitimate interests of employers." 29 U.S.C. § 2601(b)(3).

An employer has no legitimate interest in being able to terminate an eleventh month-employee for simply requesting foreseeable leave for which he is eligible, when that employer would be clearly prohibited from making that same decision a month later—or, in Plaintiff's case, a mere nine days later. If the protections of the FMLA are to serve the Act's purpose, they must be read to cover scenarios such as Plaintiff's. Otherwise, a female employee who becomes pregnant in her eleventh month of employment—and who scrupulously follows the §2612 notice requirement for foreseeable leave by giving her employer nine months of notice—could be fired immediately because she has requested the leave she will be entitled to take when her pregnancy is carried to term. Such an outcome would clearly defy the purposes for which the FMLA was enacted.

The scenario in which an employee works eight hours and then requests foreseeable

FMLA leave beginning in 364 days, which the Seventh Circuit considered while deciding a different issue in *Dormeyer*, is a non-starter. That employee could still be terminated for legitimate reasons, such as his poor performance or his dishonesty about the medical condition necessitating an FMLA leave in a year's time, and leave could be denied if the request does not meet the other requirements of the FMLA. The Court's decision today simply means that under the FMLA, an employer may not terminate an employee who has worked less than twelve months for requesting foreseeable future leave that the employee will be eligible for and entitled to at the time the leave is to begin. While no courts in the Seventh Circuit have decided this precise issue, courts outside of this circuit have considered it and emerged with the same result this Court comes to today. *See, e.g., Beffert v. Pennsylvania Dept. of Public Welfare*, No. 05 CV 43, 2005 WL 906362 (E.D. Pa., April 18, 2005) ("[A]n employee is not barred from proceeding with a retaliation claim under the FMLA if he or she has been employed for less than twelve months but requests leave to begin more than one year after employment commenced."); *Potts*, 2006 WL 2474964, at *3 ("If courts were to read the FMLA to allow employers to dismiss ineligible employees who give advance notice of their need for FMLA leave, it would open a large loophole in the law and undermine the plain language and purpose of the notice requirement in 29 U.S.C. § 2612(e)(1)."). *See also Skrjanc v. Great Lakes Power Service Co.*, 272 F.3d 309, 314 (6th Cir. 2001) ("The right to actually take twelve weeks of leave pursuant to the FMLA includes the right to declare an intention to take such leave in the future.").

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Count I of the Complaint is **DENIED.**

        Enter:
        /s/ David H. Coar
        David H. Coar
        United States District Judge

**Dated:** January 13, 2008